Tom Jones v. The Territory of Oklahoma.

1. INDICTMENT—*For Murder Embraces Crime of Manslaughter.* Every good charge, in an indictment for murder, embraces the crime of manslaughter in some of its grades, and a verdict of a jury which finds "the defendant guilty as charged in the indictment of manslaughter in the first degree" is sufficiently certain to warrant a judgment of guilty of manslaughter in the first degree and does not find the defendant guilty of two offenses.

2. CRIMINAL CAUSE—*Judgment Takes Effect, When.* A judgment in a criminal cause takes effect from the date of its entry, unless a different time is fixed by the court, and the person convicted can not complain of the failure of the court to name a date at which his imprisonment shall commence.

3. TRIAL—*Proceedings Presumed to Be Regular Unless Otherwise Shown By the Record.* All presumptions that may be rightfully entertained by an appellate court in a criminal cause are in favor of the regularity of the proceedings below; and one complaining of error in the trial court must bring enough of the record to the appellate court to make manifest such error. Where only a partial record is relied upon, every error complained of must be made to affirmatively appear. If the whole record is before the court, and from such record it does not affirmatively appear that essential requirements have been complied with in the trial court, then no presumptions can be entertained in favor of the regularity of such proceedings. But this rule does not prevail in the absence of the record.

4. JUDGMENT—*No Particular Form of Words Required.* No particular language or form of words are necessary in rendering and recording a judgment of conviction in a criminal cause, and where the words "commanded by the court" are used instead of the usual form "considered and adjudged by the court" it is sufficient on appeal.

5. VERDICT AND SENTENCE—*Time Waived—Presumption.* The pr'soner may waive the statutory time allowed between time of trial and judgment, and where sentence was pronounced the next day after verdict, and the record does not show objection was made or additional time asked, we will presume that the prisoner waived such time.

6. SENTENCE. An appellate court can not say, as a matter of law, that a sentence to fifty years' imprisonment for manslaughter in the first degree is cruel and unusual punishment, the statute fixing the punishment at any period not less than four years; there being nothing in the record showing the age or previous character of the prisoner, or the circumstances under which the crime was committed.

7. INDICTMENT—*Recitals Not Required.* There is no requirement that an indictment shall contain a recital of the drawing, selecting and empanneling of the grand jury which found such indictment. Such proceedings are had prior to the finding of an indictment, by the court, or its officers, and are proper to be recorded in the journals of the court. What reasons that may have once existed in olden times for the recital of these matters in an indictment, have long since ceased.

8. NEW TRIAL—*Motion Not Part of Record.* This court will not review the action of the trial court in overruling a motion for new trial, unless the motion for new trial is made part of the record in some of the modes prescribed by statute. Attaching it to the papers filed in this court does not make it a part of the record.

9. ALLEGED ERRORS—*Practice Not Commended.* The practice of presenting alleged errors for the consideration of this court, which have nothing in the record for a basis, is not to be commended, and should not be indulged in, as it consumes valuable time without profit.

*Error from the District Court of Payne County.*

*C. R. Buckner & Sons,* for plaintiff in error.

*C. A. Galbraith, Attorney General,* and *M. B. Williams,* for the Territory.

The opinion of the court was delivered by

BURFORD, J.: The appellant, 'Tom Jones, was prosecuted in the district court of Payne county for the crime of murder, tried by jury and convicted of manslaughter in the first degree, and sentenced to fifty years in the territorial penitentiary at Lansing, Kansas. He brings the cause to this court upon certified copies of the indictment and journal entries embracing the trial, verdict of the jury, judgment and sentence of the court. No other parts of the record or proceedings of the trial court are before this court.

The assignment of error contains thirteen alleged errors. The first of which is as follows: "The verdict of the jury finds the defendant guilty of two offenses, both of murder and manslaughter in the first degree." The verdict as set out in the journal entry is as follows:

"Territory of Oklahoma v. Tom Jones.

### "VERDICT OF JURY.

"We, the jury, in the above entitled cause, do upon our oaths find the defendant guilty in manner and form as charged in the indictment of manslaughter in the first degree.                        N. S. DAVIS, Foreman."

There is no merit in the contention that this verdict finds the defendant guilty of two crimes. The indictment charges murder in the usual form and embraces within its terms the charge of manslaughter in the first degree. It was proper on a trial of the charge of murder for the jury to find the defendant guilty of any charge necessarily embraced within that contained in the indictment, and the jury in their verdict makes certain that which they intended to do by finding the defendant guilty of manslaughter in the first degree in manner and form as charged in the indictment.

The alleged error is, "the judgment and sentence is erroneous for being indefinite and uncertain." There are two journal entries in the record, each signed by the presiding judge, and each embracing in part the final judgment and sentence of the court, and these must be construed together in determining what judgment the court rendered. From this record it appears that a motion for a new trial and in arrest of judgment was filed by the defendant and each overruled by the court, to which the defendant excepted, after which, the court proceeded to pronounce judgment to the effect that the defendant was guilty of manslaughter in the first degree as found by the jury, and that he be punished by confinement in the territorial penitentiary of Oklahoma at Lansing, in the state of Kansas, for a period of fifty years, and that the sheriff of Payne county, O. T., transport the defendant, Tom Jones, to said penitentiary, and deliver him to the warden thereof, and that he be remanded to jail until such time as it should be convenient for the sheriff to execute the order. The defendant was then informed of his right of appeal and bond fixed at the sum of $10,000, and time given to make and serve a case for the supreme court.

The judgment conforms to the usual requirements of law and we find no cause for objection to the same.

The third assignment is, "the judgment fails to state the date at which the sentence shall commence." There is nothing in this objection. All judgments and sentences in criminal cases take effect and begin to operate from the date of their entry, unless a different time be fixed by the court in the judgment itself. There is no uncertainty as appears from the record before us.

It is claimed in the fourth assignment of error that, "the court failed to inform, or have the clerk inform, the

defendant of the nature of the indictment and his plea and the verdict as required by statute." Upon the record before us we are unable to determine whether this objection is well taken or not. We will not presume that it was not done. All presumptions which the court may rightly entertain in a criminal cause are in favor of the record and of the regularity of the proceedings before the trial court. One alleging error in an appellate court must make such error manifest by bringing such parts of the record before the court as will disclose that the matters complained of were either not done as required by law, or if done, in such manner as to prejudice the rights of the parties complaining. There being nothing before us but the indictment and final judgment, we must presume that all intermediate steps necessary to support the judgment were regularly taken by the trial court. If the whole record was before us and from such record there was no affirmative showing that essential requirements had been complied with, then no presumptions would be entertained in favor of the trial court, but this rule does not prevail in the absence of the record.

It is alleged in the fifth assignment that "the judgment does not state what crime the defendant is sentenced for." The judgment does state that he is sentenced for manslaughter in the first degree as found in the verdict of the jury, and the verdict of the jury finds him guilty as charged in the indictment. This meets every requirement of law or practice and the objection is without merit.

In the sixth assignment of error complaint is made that in the judgment the language is used that it is "commanded by the court that the defendant," when the words should be "it is considered by the court." In one of the journal entries the language is, "it is therefore com-

4——IV.

manded and ordered that the defendant," while in the other these words occur, "it is therefore considered, adjudged and decreed by the court that the defendant." Either of these forms is sufficient, but if the one complained of should be defective it is cured by the other.

It is next contended in the seventh assignment that "the court erred in pronouncing sentence without having first set a day as required by the statute." In the absence of any record before us we will presume that this was done.

The eighth assignment of error is, "the court erred in pronouncing sentence the next day after the verdict was returned when the court did not adjourn for ten days thereafter." There is nothing in the record showing when the court convened or when it adjourned, nor was any objection made by the defendant at the time judgment was rendered or any additional time asked for. The statutory time may be waived, and in the absence of objection, we will presume that this was done.

The ninth assignment is, "the court erred in pronouncing a cruel and unusual punishment," and in support of this objection it is contended that a fifty year sentence amounts to a sentence for life, and that, therefore, the punishment is cruel and unusual. The statute prescribing the punishment for manslaughter in the first degree, § 2089, Statutes of Oklahoma, 1893, fixes the punishment at imprisonment in the territorial prison for not less than four years. This leaves the maximum punishment to be determined by the court in the exercise of a sound discretion, having a regard to the character of the crime, the age of the accused and the circumstances under which the crime was committed. It is not unusual to fix the punishment at imprisonment for life for the killing of a human being. There is nothing in the record from

which we can determine the age of the accused, his previous character, the circumstances under which the crime was committed or his relations to the deceased, and we can not say as a matter of law that a sentence of fifty years in the territorial prison for the crime of manslaughter in the first degree is *per se* cruel and inhuman, and while under this statute it is necessary for the court to fix the term of years for which one convicted of manslaughter in the first degree shall be imprisoned as a punishment for such crime, the legislature has not seen fit to fix the maximum at any determinate period, but leaves the matter wholly in the discretion of the trial court, and it may be any period within the probable lifetime of the person convicted.

The tenth assignment is to the effect, "the court erred in pronouncing sentence upon the defendant, the jury having found him guilty of murder; it was their province to lessen the punishment." This objection has already been sufficiently answered.

It is alleged in the eleventh assignment that, "the indictment does not show that it was presented by a grand jury selected in and for Payne county." There is no reason in this contention. It is not necessary that all preliminary steps of drawing, selecting and empanneling a grand jury shall appear in an indictment, nor would a statement in an indictment that such steps had been taken be in any manner conclusive. The selecting and empanneling of the grand jury are matters that are done in court prior to the finding or presentation of any indictment, and such proceedings are recorded in the journals of the court, and the records of the court is the proper place to look for such proceedings rather than in the formal parts of an indictment. The reasons that at one time existed for requiring these matters to be set forth in

the indictment have long since ceased to exist, and in fact never did exist in this Territory.

The twelfth assignment of error is to the effect, "the court erred in overruling defendant's motion for a new trial." The motion for a new trial is not before us, and without a record of the proceedings in the trial court we are unable to determine that there was any error in the proceedings prejudicial to the rights of the defendant.

The thirteenth and last assignment of error is as follows: "The court erred in overruling the defendant's motion in arrest of judgment; the judgment being defective in not stating a proper venue." This is an objection that may properly be raised in this court for the first time. The court acquires jurisdiction from the indictment, and if no venue is stated in the indictment no jurisdiction would be conferred, but the objection is without merit. The indictment substantially conforms to the requirements of the statute; it contains the title to the action; specifies the name of the court and the names of the parties and embraces a good charge of murder.

We have now examined each of the several assignments of error submitted by the appellant, and we find nothing that merits a serious consideration. In this enlightened day and age, when the practice in criminal causes, both in the trial and appellate courts, is so well established and generally known, there is no excuse for claiming the valuable time and attention of this court, in the investigation of objections which have nothing in the record for a basis, while such as do have are of such a trivial and gauzy character as to be undeserving of a place in the records of the court. Were it not for the fact that the charge in this case is of so grave a character and the consequences to the appellant of so serious an import, we should feel constrained to dismiss the appeal without

·consideration, as being devoid of merit.   But in as much as the appellant has been charged and convicted of a very serious crime and sentenced to a long period of con-finement in the penitentiary, we have waived all consid-·erations and examined in detail each objection set out.

We find no error in the record.   The judgment of the district court is affirmed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.