## J. P. THORP et al. v. STATE.

No. A-521.    Opinion Filed May 2, 1911.

(115 Pac. 609.)

**APPEAL—Dismissal—Failure to Serve Case-Made in Time.** When an appeal is taken to this court by case-made, and the time is fixed by the trial court within which a case-made is to be prepared and served in such appeal, the same must be served within the time allowed. When this is not done, this court has no jurisdiction to review the appeal on the case-made, and the same will be dismissed.

(Syllabus by the Court.)

*Appeal from District Court, Kiowa County; James R. Tolbert, Judge.*

J. P. Thorp and J. C. Stewart were convicted of felonious assault, and they appeal. Dismissed.

*Conner & Terral,* for plaintiffs in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. J. P. Thorp and J. C. Stewart were convicted in the district court of Kiowa county on the 12th day of May, 1909, on a charge of assault with a dangerous weapon with intent to do bodily harm.

Judgment was pronounced on the 3d day of July, 1909, at which time plaintiffs in error were granted 90 days to prepare and serve case-made on the county attorney for appeal. On the 27th day of September thereafter the time was extended by the trial court for making and serving the case-made for a period

of 60 days from the time of the expiration of the original order, making a total of 150 days from the 3d day of July. Said 150 days expired with the 30th day of November, 1909. The case-made was served on the 1st day of December, 1909. On the 10th day of February, 1911, the Attorney General filed a motion to dismiss the appeal on the ground that the same was not served within the time provided by the order from the trial court, and raised other grounds for dismissal which we do not think it necessary to pass upon here. This motion to dismiss was served on counsel for plaintiffs in error on the 7th day of March, 1911. On the 10th day of March counsel for plaintiffs in error filed a reply to the motion to dismiss and an affidavit of said counsel, by which affidavit it is attempted to show that the case-made was served within the proper time. The acceptance of service of a case-made signed by the county attorney is dated the 1st day of December as the same appears in the record. The affidavit attempts to correct the record by showing that it was served prior to that time. The record was properly certified to by the trial court, and this acceptance of service is a part of the record. This court has repeatedly held that a case-made cannot be amended or a record impeached by an affidavit. The law is plain as to how a case-made is to be amended. Counsel for plaintiffs in error have not appeared with any proper amendment. There is no transcript, and there is no alternative but for this court to dismiss the appeal, which is hereby ordered, and the trial court directed to enforce the judgment and sentence.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.