## LEE TERRELL v. STATE.

No. A-2868—Opinion Filed Jan. 11, 1919.

Rehearing Denied Aug. 2, 1919.

(177 Pac. 125.)

1. **JUDGMENT AND SENTENCE—Verdict—Sentence.** It is not error for the trial court to pronounce sentence and render judgment of conviction against the defendant before the expiration of two days after the return of the verdict, when the defendant requests that sentence be pronounced without delay after having been fully informed of his rights in the premises.

2. **APPEAL AND ERROR—Record—Affidavits.** Affidavits filed in this court attempting to impeach the record as certified to by the trial judge will not be considered.

3. **APPEAL AND ERROR—Jurisdiction of Court Below—Objection.** Question involving the jurisdiction of the trial court may be raised for the first time on appeal.

4. **COURTS—Transfer of Criminal Case—Statute.** Chapter 121, Session Laws 1910-11, considered, and held to authorize the transfer, on the application of the county attorney, of a criminal cause from the superior court to the district court of the county in which said cause is pending, where such cause is one over the subject-matter of which such district court has jurisdiction.

*Appeal from District Court, Tulsa County;*

*George C. Crump, Assigned Judge.*

Lee Terrell was convicted of manslaughter in the first degree, and she appeals.    Affirmed.

*R. M. Dick,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.    This is an appeal from the district court of Tulsa county, in which court the plaintiff in error, Lee Terrell, hereinafter designated as defendant, was convicted of the crime of manslaughter in the first degree and sentenced to serve a term of ten years' imprisonment in the state penitentiary.

Numerous errors are assigned, which are alleged to have occurred during the progress of the trial, but which are not necessary to be considered in connection with the disposition of this case, except to state that an examination of the record fails to disclose any real merit in such assignments, and also upon the defendant's own testimony a verdict of manslaughter in the first degree was justifiable.

The record discloses that after the verdict of the jury had been returned, and before judgment was pronounced upon defendant, the defendant, in open court, waived delay and asked that the court pronounce judgment upon the verdict, which was accordingly done by the court, sentencing the defendant at that time to serve a term of ten years' imprisonment.    No motion for a new trial was filed, and the defendant stated to the court that she did not desire to appeal from the judgment of conviction.    However, it appears that after judgment was pronounced, and after the special judge, who had been assigned by the Supreme Court to hold a term of district court in that county, had departed for his home in another

district of the state, an effort was made to file with the clerk of the court a motion for a new trial, setting up certain alleged errors occurring during the progress of the trial; but the record shows clearly that this motion was filed after the defendant had, in open court, waived delay in having judgment pronounced, and had personally assented that the court pronounce judgment against her. There is no showing in the record that any advantage was taken of the defendant. She was fully informed of her constitutional and statutory rights to an appeal and personally waived the same, and judgment was pronounced against her at her solicitation and request. That defendant may waive delay in the pronouncement of sentence is held in the following cases: *Jones v. Ter.,* 4 Okla. 45, 43 Pac. 1072; *Hill v. State,* 9 Okla. Cr. 629, 132 Pac. 950.

However, in this court, an attempt is made to impeach the record certified to by the trial judge by certain affidavits of the defendant, and of one Mary Lee Dodson, her sister, whom the record shows was present in open court at the time judgment of conviction was pronounced. These affidavits, attempting to impeach in this court the record as certified to by the trial judge, cannot be considered. *Thorp v. State,* 5 Okla. Cr. 597, 115 Pac. 609. This court is bound by the record as made by the trial judge, and, had it been desired, the way was open to the defendant to correct any errors or mistakes by proper proceedings in the trial court. That this court is bound by the recitals contained in the record as to what occurred in the trial court is sustained by the following authorities: *Buck v. Ter.,* 1 Okla. Cr. 517, 98 Pac. 1017; *Moody v. State,* 13 Okla. Cr. 327, 164 Pac. 676; *State v. Hasty,* 121 Iowa, 507, 96 N. W. 1115.

10—16

It is incumbent upon the court, however, to consider a certain jurisdictional question raised in this appeal. It is contended that the district court of Tulsa county acquired no lawful jurisdiction of the subject-matter or person of the defendant. The question presented involves the transfer of the cause from the superior court of Tulsa county to the district court thereof.

After proper preliminary examination, an information was filed by the county attorney in the superior court for Tulsa county, Oklahoma, on the 26th day of November, 1915, charging the defendant with the crime of manslaughter. On the 18th day of December, 1915, the superior court made an order on the application of the county attorney in behalf of the state for the removal of said cause to the district court of Tulsa county, and directed the clerk of the court to prepare a transcript and to transfer all the original files in said cause to said district court.

When the cause was called for trial in the district court of Tulsa county on the 11th day of May, 1916, the defendant was present in open court in person and by counsel, and announced ready for trial, making no objection whatever to the jurisdiction of said court at that time, and the trial proceeded to completion without any objection whatever by the defendant or her counsel as to the jurisdiction of the court, either over the subject-matter of the information or the person of the defendant. The jurisdictional question is raised for the first time in this court, the contention being that there is no statute in this state which permits the transfer of such a cause from a superior court to a district court.

The contention of counsel for defendant is without merit. Chapter 121, Session Laws of 1911, amending sec-

tion 10 of article 7 of chapter 14 of the Session Laws of 1909, specifically provides for the transfer, on application. of the county attorney, of a criminal cause from the superior court to the district court of the county where such a cause is one over the subject-matter of which a district court has jurisdiction. This act was in full force and effect at the time this transfer was made. *In re Nichols' Will (Phebus et al. v. Vinson et al.)* 64 Oklahoma, 166 Pac. 1087.

The record discloses that the transfer of the cause was made in full compliance with section 1 of chapter 121, Session Laws 1911.

It is the opinion of the court, therefore, that the district court of Tulsa county acquired full and complete jurisdiction of this cause, and of the person of the defendant prior to the trial had in said court; that the questions raised in this appeal are without merit; and that the judgment should be affirmed. It is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.