## HARRY NICKELL v. STATE.

No. A-4746. Opinion Filed April 25, 1925.
(235 Pac. 262.)

(Syllabus.)

1. **Judgment and Sentence—Statutory Requirement as to Lapse of Time Between Verdict and Sentence—Waiver.** Upon the return of a verdict of guilty by a jury, the court must appoint a time for pronouncing judgment, which time must be at least two days after the verdict, if the court intends to remain in session so long, or, if not, at as remote a time as can reasonably be allowed. But such right may be waived by a defendant either by a request for immediate sentence or by conduct reasonably construed as a consent for earlier action by the court, or by a failure to request such right in seasonable time.

   (a) For the state of facts which amount to a waiver by conduct, see opinion.

2. **Punishment for Assault and Battery Excessive.** Evidence examined, and found that the punishment assessed is excessive under the evidence, and reduced by modifying to omit jail sentence.

Appeal from County Court, Dewey County; R. L. Foster, Judge.

Harry Nickell was convicted of assault and battery, and he appeals. Modified and affirmed.

Homer N. Boardman, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty Gen., for the State.

EDWARDS, J. The plaintiff in error was convicted in the county court of Dewey county, on a charge of assault and battery, and sentenced to pay a fine of $75, and to serve a term of 30 days in the county jail. He appeals, assigning various grounds of error, but the only assignment argued in the brief is that the court did not allow two days after the verdict before passing sentence, as provided by sections 2759 and 2760, Comp. St. 1921. This provision of the statute, which requires the court to appoint a time for passing sentence which shall be at least two days after the verdict, if the court intends to remain in session so long, was intended to give an accused time to prepare proper motion for a new trial or in arrest of judgment. Such provision has been considered by this court in the following cases: Adams v. State, 21 Okla. Cr. 448, 209 P. 189; Terrell v. State, 16 Okla. Cr. 287, 177 P. 125—and prior to statehood was considered by the territorial Supreme Court in the case of Jones v. Ter., 4 Okla. Cr. 45, 43 P. 1072, and also in the case of Rhea v. U. S., 6 Okla. 249, 50 P. 992, where it was held that, even if a case be reversed on this ground, the lower court should resentence on the prior verdict. This provision, however, is one that may be waived, and is waived if the accused requests the court to pronounce sentence (Terrell v. State, supra), or it may be waived by conduct or failure to request time (Hill v. State, 9 Okla. Cr. 629, 132 P. 950).

An examination of the record upon this point does not disclose any request of any kind for an extension of time, and the first suggestion of error on this point is after sen-

tence. The journal entry, dated the same day as the verdict, makes the following recital:

"* * * And thereafter, on the same day, the court, before pronouncing sentence, asked the state and defendant if they had anything to say. State asked for the maximum punishment; defendant by his attorney asked for small fine without jail sentence. Called upon the defendant to stand up and the defendant having stood up, the court pronounced judgment and sentence, sentencing the defendant to serve a term of 30 days in the county jail, and to pay a fine of $75 and the costs of this case. The defendant objected and excepted to the action of the court in pronouncing judgment without first giving defendant a chance to make a statement as to why sentence should not be pronounced upon him, and the exceptions were allowed by the court. The defendant further objected and excepted to the action of the court in rendering judgment and passing sentence before the expiration of two days from the return of the verdict, and the exceptions were allowed by the court."

When the court asked the defendant if he had anything to say, and his counsel thereupon requested that he be given a small fine without jail sentence, that constituted a waiver of the provision requiring two days between the verdict and sentence. It was in effect a request that the court then act upon the matter. After the court had passed sentence, apparently more severe than was anticipated, he will not then be heard to say that the court had violated the statute. It amounts to an invited error, if an error at all.

Our examination of the record, however, convinces us that the punishment imposed was more severe than was warranted by the evidence, and that the sentence should be reduced from a fine of $75 and 30 days in the county jail to a fine of $75, and, as modified, is affirmed.

BESSEY, P. J., and DOYLE, J., concur.