GEORGE FANCHER v. STATE.

No. A-9176.   June 4, 1937.
(69 Pac. [2d] 409.)

Morrill & Snodgrass, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, who will be referred to herein as the defendant, was by information charged with willfully, unlawfully, wrongfully, and feloniously keeping and having in his possession a still capable of being used in the manufacture of intoxicating liquor, the charge being a second violation of the prohibition law. The defendant was tried on said charge, convicted, and sentenced to pay a fine of $100 and confined in the county jail for a period of 60 days, and attempts to appeal by case-made.

An examination of the record discloses that the defendant caused to be prepared what is designated and termed a case-made. The Attorney General has filed a motion to strike case-made for the reason that the said purported case-made was not settled and signed as required by section 534, O. S. 1931 (12 Okla. St. Ann. § 958), nor was there any waiver of said settling and signing the same as authorized by section 531a, O. S. 1931 (12 Okla. St. Ann. § 966). An examination of the purported case-made shows that the trial judge's certificate is not attached to it and therefore the motion of the Attorney General to strike the purported case-made as a case-made is well taken and the case-made is stricken.

The only question briefed by the defendant is the question of venue, in which he states that the venue was in Tillman county and not in Jackson county. This question was not raised by demurrer to the information, or by special plea as to the venue in his case. In the presentation of his testimony, the defendant raised the question of venue.

Under our procedure, there are two methods for taking an appeal provided for. First, by filing a petition

in error with case-made attached thereto; second, filing a petition with a duly certified transcript of the record attached thereto.

This court in Mathis v. State, 18 Okla. Cr. 199, 194 Pac. 278, held:

"If the first method is pursued, and for any reason the case-made is fatally defective, the appeal will be considered upon the transcript, provided it is properly certified by the clerk."

In this case the record is properly certified by the clerk, and this court will consider the record as a transcript and ascertain if there are any fundamental errors sufficient to warrant a reversal of the case.

We have carefully examined the transcript of the record and considered the same with the errors in the petition. The proceedings leading up to the judgment seem to be regular. No fundamental errors are contained in the instructions given. The judgment conforms to the charge and the sentence imposed is within the limits allowed by the statute.

Only the record proper can be reviewed by this court on appeal by transcript under the certificate of the clerk of the trial court. For this reason, the question of venue argued by the defendant's counsel cannot be reviewed upon the record before us.

We find no fundamental or prejudicial errors in the transcript that would warrant this court in reversing the case. Cherry v. State, 61 Okla. Cr. 376, 69 Pac. (2d) 407.

The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.