## ROTHROCK v. STATE.

No. A-11323.   Jan. 17, 1951.

(226 P. 2d 997.)

Raymond A. Trapp, Blackwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   Lizzie Bradshaw Rothrock was charged by information filed in the county court of Kay county, Oklahoma, with the offense of operating a motor vehicle while under the influence of intoxicating liquor, was tried before a jury, convicted and punishment left

to the court, who on the same day, June 30, 1949, entered judgment in accordance with the verdict and fixed the punishment at 30 days in the county jail of Kay county, and to pay the costs of the action.

The case-made was signed and settled on August 6, 1949, but the same together with the petition in error was not filed in this court until November 5, 1949, and though a brief was due to be filed within 60 days thereafter, no brief has been filed.

The defendant having been convicted of a misdemeanor, Tit. 47 O.S.A. § 93, it was necessary by provision of Tit. 22 O.S.A. § 1054 for the petition in error to have been filed herein within 60 days following the entry of judgment, or within the time that the trial court might give, not exceeding 60 days additional. The record discloses that the court did grant an extension of time of 60 days, or until November 14, 1949, and while the record fails to show the date of this extension, and whether the order was obtained in time or not, that is immaterial here, as the petition in error and case-made were not filed in this court within 120 days from the entry of judgment, and therefore this court does not have jurisdiction to consider the appeal. The statutory provisions are mandatory on this count. Cruse v. State, 86 Okla. Cr. 83, 187 P. 2d 235; Lewis v. State, 90 Okla. Cr. 137, 211 P. 2d 295.

The appeal is dismissed.

BRETT, P. J., and JONES, J., concur.