# LEACH v. STATE.

No. A-11523. March 19, 1952.

Rehearing Denied April 16, 1952.

(246 P. 2d 416.)

Turner & Turner, Holdenville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Defendant below, Roy Leach, was charged by information in the county court of Hughes county, Oklahoma, with the commission of the offense of unlawful possession of intoxicating liquor on April 27, 1950, in said county. The information alleged the unlawful possession of intoxicating liquor as follows, to wit: 1 pint of Piping Rock Gin whiskey, 2 pints of Old Quaker whiskey, 1 pint of Log Cabin whiskey, 2 pints of Schenley whiskey, 4 pints of Hill & Hill whiskey, 2 fifths of Canadian Club whiskey, 6 pints of Good Ole American whiskey, 1 pint of Kentucky Tavern whiskey, 8 pints of Sunny Brook whiskey and 4 pints of Fleischman Gin, with the unlawful intention then and there to sell, barter, etc., the same. The defendant was tried by a jury, convicted, his punishment fixed at a fine of $300 and 60 days in jail and judgment and sentence was entered accordingly; from which this appeal has been perfected.

The record of the within case discloses that the judgment and sentence was entered on October 23, 1950, and that the trial court at said time entered its order allowing 30 days within which to make and serve a case-made. The time for so doing expired on November 22, 1950, and there was no further extension of time requested within said period for so doing. The service of the case-made was attempted to be made on December 14, 1950 after the expiration of said 30 days allowed for so doing. The attempted service of the case-made on December 14, 1950 was under and by virtue of an order made and entered by the trial court on December 6, 1950 reading in part as follows, to wit, "the time for settlement of case-made in this cause be, and the same is hereby, extended

to the 14th day of December, 1950." It clearly appears that the time originally granted for making and serving a case-made had expired on November 22, 1950. The proposed appeal by case-made became a dead issue on the 22nd day of November 1950. The attempt to breathe new life into it by the order of December 6, 1950 was absolutely void. In this connection see Brown v. State, 89 Okla. Okla. Cr. 389, 208 P. 2d 1143, 1144, a case in point setting forth the pertinent statutes and the law applicable hereto:

"The later act of the court in so doing was a nullity under the provisions of Tit. O. S. A. § 1059, 1941, which says in part:

"It shall be the duty of the court to provide for the preparation [and] settling of a case-made in all respects as in civil cases'.

"And, Tit. 12 O. S. A. § 958, 1941, in relation thereto which provides in part as follows:

" 'The case so made, or copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney. * * * it shall be a sufficient service of the case-made in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time.'

"It is therefore apparent that the granting of an extension for sixty days on May 13, 1947, was ineffective, in view of the fact that such request did not come within the fifteen days allowed by the foregoing statutes for preparing and serving the case-made, or within the time fixed by the court extending the same."

See, also, Hoofer v. State, 82 Okla. Cr. 237, 164 P. 2d 247, 168 P. 2d 313. No such situation confronts the court herein as enabled the Hoofer case to be considered on its merits on rehearing. The record herein shows nothing occurred in the lower court upon which to base a revival of his attempted appeal within the time originally allowed by the trial court. For other cases on this point see, May v. State, 63 Okla. Cr. 165, 73 P. 2d 875; Lewis v. State, 90 Okla. Cr. 137, 211 P. 2d 295; Rothrock v. State, 93 Okla. Cr. 243, 226 P. 2d 997. Under the foregoing authorities and Cherry v. State, 61 Okla. Cr. 376, 69 P. 2d 407, in the absence of an order prior to or on November 22, 1950, extending time to make and serve case-made the trial court was without jurisdiction to make any further orders or grant additional time in which to make and serve a case-made. The order of December 6, 1950 was therefore void and a nullity. However as was said in Cherry v. State, supra, there are two methods of appeal provided in the statutes:

"Two methods of appeal are provided for: (1) By filing a petition in error with certified case-made attached thereto; (2) by filing petition in error with duly certified transcript of the record attached thereto. If the first method is pursued, and for any reason the case-made is fatally defective, the appeal will be considered upon the transcript provided it is properly certified by the clerk."

See in this connection, also, Fancher v. State, 61 Okla. Cr. 447, 69 P. 2d 409; Hoofer v. State, supra, and authorities therein cited. The record herein is so properly certified. However, under such conditions where the appeal is only by transcript, such an appeal brings before the court only the record proper. In Hodges v. State, 38 Okla. Cr. 259, 260, 259 P. 1056, 1057, it was said:

"Where an appeal is taken by transcript, only the record proper is before the court. The record consists of the indictment or information, a copy of the minutes of the plea or demurrer, a copy of the minutes of the trial, the charges (instructions) given or refused, and the indorsements, if any, thereon, and a copy of the judgment. Section 2777, Comp. Stat. 1921 [22 O. S. 1951 § 977]." Hoofer v. State, supra.

The defendant's first contention is that the trial court erred in denying and overruling his motion for continuance. Under the foregoing authorities said motion constitutes no portion of the record proper and cannot be considered on this appeal by transcript. Butler v. State, 22 Okla. Cr. 241, 244, 223 P. 193; Brown v. State, supra.

Under the authorities last cited we are limited in our inquiry as to fundamental errors. A transcript does not present for review other errors not of a fundamental nature nor permit a review of the evidence taken at the trial. Brown v. State, supra; Sparks v. State, 72 Okla. Cr. 283, 115 P. 2d 277.

Here we find the information sufficient and unchallenged by demurrer. We have examined the transcript of the record and find no fundamental error in the record. The instructions seem applicable to the law and facts and contain no fundamental error. The judgment conforms to the verdict and is not fundamentally defective. Notwithstanding this fact we have examined the other contentions of the defendant and find them in light of the authorities to be without merit. For all the above and foregoing reasons, the judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.