Billy Joe PEARCE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12602.

Criminal Court of Appeals of Oklahoma.

Oct. 1, 1958.

Rehearing Denied Oct. 29, 1958.

M. M. Baucum, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

This is an appeal from a judgment and sentence of the District Court of Pottawatomie County, Oklahoma, wherein the defendant, after being charged by information with the crime of burglary in the second degree after former conviction of a felony and tried by a jury, was convicted and his sentence fixed at twenty years in the state penitentiary.

To this appeal, the Attorney General has filed his Motion to Dismiss alleging: (1) The casemade was not filed within the time allowed by the trial court or a valid extension thereof; and (2) The defendant has forfeited his right to appeal from said judgment and sentence for the reason that subsequent to the imposition of judgment and sentence herein and prior to this date, the defendant escaped from custody and fled from the jurisdiction of this Court.

An examination of the record reveals that judgment and sentence were imposed on November 8, 1957, at which time defendant was given sixty days in which to make and serve casemade. This time expired on January 7, 1958, and no further extension of time was granted until January 9, 1958, two days out of time. Under the previous decisions of this Court, where a casemade for appeal is not served within the time allowed originally by the trial court for serving casemade nor within the time fixed by any valid extension of time, the same is a nullity. Leach v. State, 95 Okl.Cr. 237, 246 P.2d 416. The time originally granted for serving the casemade having expired on January 7, 1958, the order of January 9, 1958, extending the time was a nullity. Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143.

On the Attorney General's second proposition, the Court finds that while being held in the County Jail of Johnston County, the defendant on January 25, 1958, escaped therefrom and fled from the jurisdiction of this Court, being recaptured on February 11, 1958, at Cape Girardeau, Missouri. Such situation is governed by the rule announced in Sanford v. State, 75 Okl.Cr. 362, 131 P.2d 770, syllabus 1:

"Where a person is convicted of crime, and sentenced to serve a term of imprisonment, and perfects an appeal to this court, it is essential, that he should be in custody pending his appeal, by being confined in the county jail or state penitentiary, as may be provided by law, or constructively in custody by being admitted to bail; otherwise he waives his right of having his conviction reviewed by this court."

The motion to dismiss is sustained.

POWELL and NIX, JJ., concur.