Coy Dean KNIGHT, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12797.

Court of Criminal Appeals of Oklahoma.

March 9, 1960.

Rehearing Denied Aug. 3, 1960.

Louie Gossett, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Coy Dean Knight, defendant below, was charged by indictment in the District Court of Bryan County, Oklahoma, with the crime of burglary in the first degree, said crime allegedly being committed by him on December 21, 1958, in said county and state. He was tried by a jury, convicted as charged, and sentenced to serve a term of seven years in the state penitentiary, from which judgment and sentence he now appeals.

Judgment and sentence were entered herein on April 3, 1959, and defendant was allowed sixty days in which to make and serve casemade. On June 2, 1959, defendant was allowed an additional fifteen days, and on June 17, 1959, defendant was allowed another fifteen days extension of time to make and serve casemade. This last extension of time expired on July 2, 1959, but the casemade was not served until July 15, 1959, which date was not within the time allowed by the court, but thirteen days out of time. This failure was not due to any neglect of duty on the part of the trial judge or court reporter.

This Court has many times held that where a casemade for appeal is not served within time allowed by trial court for serving casemade nor within time fixed by any valid extension of time, the same is a nullity. Pearce v. State, Okl.Cr., 330 P.2d 1053; Thorp v. State, 5 Okl.Cr. 596, 115 P. 609.

The record was certified to by the trial judge and is not subject to collateral attack. Affidavits filed in this respect attempting to impeach the record will not be considered. Terrell v. State, 16 Okl.Cr. 287, 177 P. 125; Thorp v. State, supra. Under these conditions, the appeal cannot be considered as by casemade.

Nevertheless, the matter has been submitted as an appeal by transcript. We have carefully examined the transcript and find no fundamental error, and the case must be affirmed. Leach v. State, 95 Okl. Cr. 237, 246 P.2d 416; Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143.

The judgment and sentence is accordingly affirmed.

POWELL, P. J., and NIX, J., concur.