Jack Earcel TITUS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-12821.

Court of Criminal Appeals of Oklahoma.

April 27, 1960.

Richard W. Hagle, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Jack Earcel Titus, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of forgery in the second degree after former conviction of felonies, was tried before a jury who found defendant guilty and assessed his punishment at twenty years in the Oklahoma State Penitentiary.

Judgment and sentence was rendered on the 26th day of March 1959; whereupon defendant gave notice of intention to appeal and was granted 30 days time in addition to the statutory time in which to make and serve case-made. This was a total time of 45 days and expired on May 10, 1959. No extension of time had been requested or granted. On May 21, 1959, an order was filed attempting to grant an extension from the time when the previous time had expired and a further extension of 30 days from May 21, 1959. This order being made after the expiration of the previous extension was ineffective and did not extend the time to make and serve case-made. On January 22, 1960, the attorney general filed his motion to strike case-made, and with this conclusion the court agrees. The only way to avoid the limitations prescribed in Tit. 12 O.S.A. § 958:

> "The case so made, or copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney * * * it shall be a sufficient service of the case-made in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time",

is by an order extending said time by the trial court. In the instant case the time was extended 45 days and expired without additional extension. After said expiration, the trial court was without authority to render an order extending the time further and his order was a nullity and of no effect.

█ In the case of Cherry v. State, 61 Okl.Cr. 376, 69 P.2d 407, however, there are two methods of appeal provided in the statutes:

> "Two methods of appeal are provided for: (1) By filing a petition in error with certified case-made attached thereto; (2) by filing petition in error with duly certified transcript of the record attached thereto. If the first method is pursued, and for any reason the case-made is fatally defective, the appeal will be considered upon the transcript provided it is properly certified by the clerk."

Hodges v. State, 38 Okl.Cr. 259, 259 P. 1056 states:

> "An appeal by transcript of a criminal case brings before this court only the 'record proper,' which consists of the following papers: First. The indictment and a copy of the minutes of the plea or demurrer. Second. A copy of the minutes of the trial. Third. The charges given or refused, and the indorsements, if any, thereon. Fourth. A copy of the judgment. Section 2777, Comp.St.1921."

The record herein is so properly certified. The appeal is by transcript; the evidence not being brought up, and this Court will search the same only for fundamental error.

█ Here we find the information sufficient and unchallenged by demurrer. On an appeal to this Court the presumption is that the case was fairly tried and the verdict and judgment in conformity to evidence and the law, and the burden is on the defendant to show some error which prejudiced their substantial rights. This appeal being by transcript, this Court is not in a position to say what evidence was before the trial court.

█ The only questions briefed by the defendant are that said verdict and judgment is contrary to the evidence; the coercion of the defendant's witness by county attorney; and the putting of a Gerald S. White on the witness stand. Defendant contends the sentence of twenty years is excessive and should be reduced or set aside.

█ We have carefully examined the transcript of the record and find no funda-

mental error contained therein. However, the sentence of twenty years appears excessive and we feel the matter should be called to the attention of the Pardon and Parole Board since it is now a matter of clemency.

We find no fundamental or prejudicial errors in the transcript that would warrant this Court to reverse the case.

POWELL, P. J., and BRETT, J., concur.