**Bobby Merril BERRY, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–13021.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1961.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉

J. B. Champion, Jr., Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., E. C. Nelson, County Atty., Love County, Marietta, for defendant in error.

NIX, Presiding Judge.

Plaintiff in error, Bobby Merril Berry, hereinafter referred to as the defendant, was charged by information in the district court of Love County with the crime of attempted second degree burglary, was tried before a jury who found defendant guilty and assessed his punishment at one year in the state penitentiary.

Judgment and sentence was rendered on October 4, 1960. October 12, 1960, defendant was given an extension of time to make and serve case made. This time was extended by subsequent order dated December 7, 1960 whereby said time was extended to the 9th day of February, 1961. This was the last extension granted and the time expired on February 9, 1961. The record was not served upon the county attorney until February 23, 1961, which was after the time granted by the court had expired and was therefore too late.

■ On May 29, 1961, the attorney general filed his motion to strike case made and with this conclusion the court agrees. The only way to avoid the limitations prescribed in Title 12 Okl.St.Ann. § 958:

"The case so made, or copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney * * * it shall be a sufficient service of the case-made in such case, when it, together with a copy thereof, is filed in the · office of the clerk of the trial court within the time allowed by law, or order of court extending the time".

is by an order extending said time by the trial court. In the instant case the time

was extended, and expired without additional extension. After said expiration, the trial court was without authority to render an order extending the time further in absence of notice to the adverse party and a hearing thereon as prescribed by 12 Okl. St.Ann. § 962.

In the case of Cherry v. State, 61 Okl. Cr. 376, 69 P.2d 407, there are two methods of appeal, and citing the statutes they are:

"Two methods of appeal are provided for: (1) By filing a petition in error with certified case-made attached thereto; (2) By filing petition in error with duly certified transcript of the record attached thereto. If the first method is pursued, and for any reason the case-made is fatally defective, the appeal will be considered upon the transcript provided it is properly certified by the clerk."

Hodges v. State, 38 Okl.Cr. 259, 259 P. 1056, states:

"An appeal by transcript of a criminal case brings before this court only the 'record proper,' which consists of the following papers: First. The indictment and a copy of the minutes of the plea or demurrer. Second. A copy of the minutes of the trial. Third. The charges given or refused, and the indorsements, if any, thereon. Fourth. A copy of the judgment. Section 2777, Comp.St.1921."

The record herein is so properly certified.

■ This case was set for oral argument on June 14, 1961. No counsel appeared and no briefs were filed. This Court has held in numerous cases that when no counsel appears on behalf of defendant and no briefs are filed, Court of Criminal Appeals will examine pleadings, instructions of court, exceptions taken thereto, and judgment and sentence, and if no prejudicial error appears, it will affirm the judgment.

■ After an examination of the record, we find that the information is sufficient to charge the offense of attempted second degree burglary, the evidence is

sufficient to support the judgment and sentence, and the court properly instructed the jury.

From the record, it appearing that there is no fundamental error and that defendant had a fair and impartial trial, the judgment of the lower court is affirmed

BRETT and BUSSEY, JJ., concur.