## H. C. PARKER v. STATE.

No. A-1821. Opinion Filed April 1, 1914.

(139 Pac. 708.)

1. **NEW TRIAL—Power to Grant—Time.** In a criminal case the trial court has no power to grant a new trial on the ground of newly discovered evidence, after the next succeeding term at which the case was tried.

2. **APPEAL—Mandate—Subsequent Proceedings.** When a judgment of conviction has been affirmed on appeal and mandate issued, the trial court has no power to set aside said judgment, but must cause the judgment to be carried into execution.

3. **SAME—Denial of New Trial.** There is no statute authorizing an appeal from an order denying a motion for a new trial, except as instant to an appeal from a judgment of conviction.

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Appeal from supplemental motion for new trial, on the ground of newly discovered evidence. Appeal dismissed.

*H. W. Winn,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, J.  H. C. Parker, plaintiff in error, was convicted in the superior court of Oklahoma county of the crime of burglary, and was, on the 29th day of April, 1911, in accordance with the verdict of the jury, sentenced to be imprisoned in the penitentiary for a term of· four years; the term of the sentence to begin at and from the date of his delivery to the warden. From this judgment and sentence an appeal was properly taken to this court, and resulted in an affirmance.  *Parker v. State,* 7 Okla. Cr. 238, 122 Pac. 1116, 124 Pac. 80, opinion filed April 25, 1912.  Pending said appeal, the defendant, being unable to give bail, was held in the Oklahoma county jail.  On the 13th day of August, 1912, he filed a supplemental motion for a new trial upon the ground of alleged newly discovered evidence. Thereafter, on August 17, 1912, said motion for new trial was overruled, and from the order overruling the supplemental motion for a new trial, the defendant appealed by petition in error with case-made.  The Attorney General ·has moved to dismiss the appeal taken from the order denying the supplemental motion for a new trial.

It is sufficient, for the purposes of the motion, to refer to the provisions of Procedure Criminal regulating the practice. Section 5938, Rev. Laws 1910, reads as follows:

"The application for a new trial must be made before judgment is entered; but the court or judge thereof may for good cause shown allow such application to be made at any time within thirty days after the entry of the judgment.  A motion for a new trial on the ground of newly discovered evidence may be made after judgment at the term at which the case was tried, or in vacation, before the judge or at the next term of court, and if on the ground that the grand jury was not properly drawn or impaneled then the motion must be made not later than the next term after trial."

A supplemental motion for a new trial must be made not later than the· term at which the case was tried, or at the next succeeding term, and the trial court is without power or jurisdiction to grant a new· trial on the ground of newly discovered evidence in a criminal case after the next succeeding term at which the case was tried.

In the case of *Reed v. State, ante,* 137 Pac. 369, it was held:

"After a case has been affirmed on appeal to the Criminal Court of Appeals, and is sent back to the trial court, the trial court has no power to set aside said judgment, but it must be carried into execution as directed by this court."

In the case at bar the supplemental motion for a new trial was made more than a year after judgment. Therefore the court was without jurisdiction to entertain the motion as made. It is not claimed that the proceeding was an effort to sue out the common-law writ of error *coram nobis,* to set aside a judgment of conviction obtained by duress or fraud. See *Sanders v. State,* 85 Ind. 318, 44 Am. Rep. 29; *Adler v. State,* 35 Ark. 517, 37 Am. Rep. 48; *State v. Calhoun,* 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838, 34 Am. St. Rep. 141.

There is no statute authorizing an appeal from an order denying a motion for a new trial, except as instant to an appeal from a judgment of conviction. An appeal is not a matter of inherent right. It is a right extended to the defendant by the favor of the state.

Procedure Criminal provides (section 5988, Rev. Laws 1910):

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

The language of the statute is so plain that there is no room for construction. If it were otherwise, a new opportunity would be afforded to invite the law's delay. The appeal from the order of August 17, 1912, overruling the defendant's supplemental motion for a new trial, should therefore be dismissed.

The further relief prayed for is "that in the event the decision is adverse to him, the judgment be modified so that the time served by the defendant in the county jail be deducted from his sentence of four years."

It appears from the record that for some reason the defendant was not transferred to the penitentiary until the 22d day of September, 1912, since which date he has been confined

in the penitentiary at McAlester. This matter was not called to the attention of the court upon the appeal proper. In view of the fact that the defendant has been confined for some time before and since the date of the judgment, in furtherance of justice, the judgment of conviction will be modified to read that the term of sentence is to begin at and from the 29th day of April, 1911, the day the judgment was rendered. The trial court will cause the warden of the penitentiary to be notified of this modification of the judgment.

ARMSTRONG, P. J., and FURMAN, J., concur.