## JOE SMITH v. STATE.

No. A-8488.   April 14, 1933.
(21 Pac. [2d] 51.)

J. F. Murray, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Edna Clary Clark, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, entered his plea of guilty in the county court of Kay county to possession of 700 pints of home brew

beer containing more than one-half of 1 per cent. of alcohol measured by volume and capable of being used as a beverage, and to possession of 55 gallons of beer in process of manufacture, and his punishment was fixed by the court at a fine of $200 and imprisonment in the county jail for a period of four months. The appeal is by transcript.

Section 2814, C. O. S. 1921, provides, among other things:

"Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

The record proper includes the following papers: (1) Indictment and copy of the minutes of the plea or demurrer; (2) copy of the minutes of the trial; (3) charges given and refused; (4) a copy of the judgment.

Defendant has included in his transcript of the proceedings his motion for leave to withdraw his plea of guilty and enter a plea of not guilty, with his affidavit in support thereof, all of which is no part of the record proper.

The statute (section 2777, C. O. S. 1921) specifically defines what constitutes the record proper; and a transcript of such record proper is the only record that can be authenticated by the certificate of the clerk of the trial court. All other matters included in the transcript constitute no part of the record, although the clerk has encumbered the transcript with them.

In Smiser v. State, 19 Okla. Cr. 87, 198 Pac. 110, 111, the court, after stating of what the record proper consists, said:

"The only matters in the record, therefore, which may be properly considered by the court under this appeal are the foregoing papers, which constitute the record proper."

No demurrer was filed or other proceedings had to question the sufficiency of the complaint, defendant submitting himself to the jurisdiction of the court and entering his plea of guilty. A transcript of the record does not present for review the proceedings and orders on a motion for change of venue, nor orders overruling motion for new trial, nor an application for continuance, nor an application for leave to withdraw plea of guilty. Motions of this kind can only be presented to this court by petition in error and case-made.

No fundamental error appearing on the face of the record, the case is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.