JOHN CHERRY v. STATE.

No. A-9212.    May 28, 1937.
(69 Pac. [2d] 407.)

Turner M. King, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, the defendant in the lower court, was by information charged with attempting to break and enter a building with

intent to commit larceny; was tried, convicted, and sentenced to be imprisoned in the state penitentiary for a term of five years. Defendant duly excepted and from the judgment and sentence has appealed. Petition in error and case-made was filed October 13, 1936.

On the 21st day of May, 1937, the Attorney General filed a motion to strike the case-made for the reason as shown by the case-made the judgment and sentence was rendered on the 16th day of April, 1936, and the record also shows that on April 16, 1936, motion for new trial was filed; that no extension of time in which to make and serve a case-made was granted at the time the defendant was sentenced. The Attorney General in his motion further states that the records and journals kept by the court clerk show that on June 9, 1936, the motion for a new trial was overruled. Notice given by the defendant of his intention to appeal, and sixty days to provide a case-made. The record further shows that the case-made was served on the county attorney August 10, 1936.

Section 534, O. S. 1931 (12 Okla. St. Ann. § 958), in part is as follows:

"The case so made or a copy thereof, shall, within 15 days after the judgment or order is rendered, be served upon the opposite party or his attorney."

The record is silent as to the court granting the defendant time to make and serve a case-made, and it fails to show that the defendant in this case did cause to be made and served upon the county attorney the case-made within the 15 days as provided by the statute.

The sentence in this case was imposed on the defendant on the 16th day of April, 1936. The motion for a new trial was not heard by the court until June 9, 1936. When the motion for a new trial was overruled, then for the first time the court granted the defendant a 60-day exten-

sion of time from the date of the overruling of the motion for a new trial. Under our practice in criminal cases, an appeal is from the judgment and not from the order overruling the motion for a new trial, and the time of perfecting an appeal runs from the date of the judgment.

In Parker v. State, 10 Okla. Cr. 541, 139 Pac. 708, in the third paragraph of the the syllabus the court stated:

"There is no statute authorizing an appeal from an order denying a motion for a new trial, except as instant to an appeal from a judgment of conviction."

In Clark v. State, 18 Okla. Cr. 145, 193 Pac. 1008, 1009, in the syllabus the court said:

"Under Code of Criminal Procedure (section 5991, Rev. Laws 1910 [22 Okla. St. Ann. § 1054]), 'in felony cases the appeal must be taken within six months after the judgment is rendered,' and not six months after the motion for a new trial is overruled."

Section 5991, R. L. 1910, is now section 3192, O. S. 1931 (22 Okla. St. Ann. § 1054).

In Hensley et al. v. State, 121 Okla. 47, 247 Pac. 376, 377, the court in the body of the opinion said:

"Judgment was rendered herein on February 20, 1925, and on the 19th day of March, 1925, the trial court made an order extending the time 60 days from that date within which to make and serve case-made. This order, however, is void for the reason that the 15 days allowed by section 785, C. O. S. 1921 [12 Okla. St. Ann. § 958] had expired at the time the order was made. The trial court has no power to extend the time within which to make and serve a case-made after the time allowed by statute or granted by a previous extension has expired." Section 785, C. O. S. 1921, is now section 534, O. S. 1931 (12 Okla. St. Ann. § 958).

In Welch v. State, 38 Okla. Cr. 300, 260 Pac. 787, in the second paragraph of the syllabus the court said:

"A case-made for appeal, not served within the time originally allowed by the trial court for serving case-made, nor within the time fixed by any valid extension of time, is a nullity."

In this case the record clearly shows that the defendant was sentenced on the 16th day of April, 1936, and no order giving the defendant an extension of time beyond the statutory 15 days to make and serve a case-made was entered. In Welch v. State, supra, in the first paragraph of the syllabus this court said:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded."

Computing the time from the date of the sentence on April 16, 1936, the fifteen days allowed by the statute for the defendant to make and serve a case-made would expire on May 2, 1936. In the absence of an order granted by the court giving the defendant an extension of time to make and serve a case-made prior to May 2, 1936, any order made by the court thereafter is without jurisdiction and is a nullity.

The motion of the Attorney General to strike the case-made as a case-made is sustained. Under our procedure, there are two methods for taking an appeal which are provided for. First, by filing a petition in error with case-made attached thereto; second, by filing a petition with duly certified transcript of the record attached thereto.

Our court has held in Mathis v. State, 18 Okla. Cr. 199, 194 Pac. 278:

"If the first method is pursued, and for any reason the case-made is fatally defective, the appeal will be considered upon the transcript, provided it is properly certified by the clerk."

In this case the record filed by the defendant is properly certified by the clerk, and this court will consider the record as a transcript and ascertain if there are any fundamental errors sufficient to warrant a reversal of the case.

The information in clear and concise language charges the defendant with knowingly, willfully, burglariously, unlawfully, and feloniously attempting to break into a certain dwelling about a mile north of Ada, Okla., then and there belonging to one George Mayhue, and used and occupied as a dwelling. The information is sufficient to advise the defendant of the charge against him. No demurrer or objection to the information was interposed by the defendant.

Where an appeal is by transcript, the most of the questions raised by the petition in error are not such as may be passed upon by the court. The court will examine the transcript for fundamental errors and if none appear the judgment will be affirmed.

We have carefully examined the transcript of the record and considered the same in connection with the errors assigned in the petition. The proceedings leading up to the judgment appear to be regular. No fundamental error is contained in the instructions given. The judgment conforms to the charge, and the sentence imposed is within the limit allowed by the statute. Washington v. State, 26 Okla. Cr. 262, 223 Pac. 408.

We find no fundamental or prejudicial errors in the transcript that will warrant this court in reversing the case.

The judgment is affirmed.

DOYLE and BAREFOOT, JJ., concur.