V. O. BROWN v. STATE.

No. A-10954.   July 20, 1949.

(208 P. 2d 1143.)

W. L. Steger, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J.  Plaintiff in error above, defendant in error below, V. O. Brown, was charged by information in the district court of Bryan county, Okla., with the crime of murder, alleged to have been committed on or about July 22, 1946, on the person of Joe Pangle by means of a pistol.  The defendant was tried and convicted by jury of manslaughter in the first degree, his punishment fixed at four years imprisonment, and judgment and sentence pronounced accordingly.  From that judgment he lodged this appeal herein on October 14, 1947.

The Attorney General has filed a motion to strike the case-made.  He alleges therein that the verdict of guilty was returned on April 18, 1947; that judgment and sentence was pronounced on April 24, 1947, and on that date motion for new trial was filed.  An amended and supplemental motion was filed on May 10, 1947.  On April 24, 1947, the defendant gave notice of his intention to appeal to this court, which notice was in writing and was served on the county attorney, but no such notice was given in open court, nor was any order at that time entered extending time to make and serve case-made.  On May 13th, motion for new trial was overruled, which was 19 days after judgment and sentence was entered.  When

the motion for new trial was overruled, the defendant gave notice in open court of his intention to appeal to this court, and an extension of 60 days from that date was granted in which to prepare and serve the case-made. The later act of the court in so doing was a nullity under the provisions of Tit. 22 O. S. A. § 1059, 1941, which says in part:

"It shall be the duty of the court to provide for the preparation [and] settling of a case-made in all respects as in civil cases."

And, Tit. 12 O. S. A. § 958, 1941, in relation thereto which provides in part as follows:

"The case so made, or copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney. * * * it shall be a sufficient service of the case-made in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time."

It is, therefore, apparent that the granting of an extension for 60 days on May 13, 1947, was ineffective, in view of the fact that such request did not come within the 15 days allowed by the foregoing statutes for preparing and serving the case-made, or within the time fixed by the court extending the same. In other words, the judgment became final on May 9, 1947, and the attempt to prevent its finality by the extension granted on May 13, 1947, came too late. It had been extinct for four days. The trial court has no power to extend the time for making and serving the case-made after the time allowed by statute or granted by a previous extension of time by the court has expired. The lapse of an appeal in situations, such as the one at bar, occurs when counsel erroneously believes that the appeal is from the

order overruling the motion for new trial. The time for perfecting an appeal in a criminal case dates from the time of entry of the judgment and sentence and not from the time overruling the motion for new trial. See Cherry v. State, 61 Okla. Cr. 376, 69 P. 2d 407, and other cases therein cited.

Therefore, this appeal not being perfected by case-made within the time allowed by law is ineffective.

However, the defendant may at any time within the six months allowed by law perfect his appeal by petition in error and transcript under the provisions of Tit. 22 O.S.A. § 1060, 1941. In this connection our court has held: If the first method is pursued, and if for any reason the case-made is fatally defective, the appeal will be considered upon the transcript, provided it is properly certified by the clerk. Mathis v. State, 18 Okla. Cr. 199, 194 P. 278. But, under such conditions we are limited in our inquiry to fundamental errors. A transcript does not present for review the proceedings involving such matters as, order on motion for a change of venue, nor order overruling motion for continuance, application for leave to withdraw plea of guilty, nor order overruling motion for new trial. Smith v. State, 54 Okla. Cr. 348, 21 P. 2d 51. Moreover, it does not present for review errors which require examination of the evidence taken at the trial. Sparks v. State, 72 Okla. Cr. 283, 115 P. 2d 277.

Therefore, in an examination of the transcript in the case at bar, we are confined to consideration of only fundamental errors. We find the information sufficient and unchallenged by demurrer. The only questions urged by the defendant are questions in relation to the admissibility and sufficiency of the evidence. These cannot properly

be urged under this appeal. Nevertheless, we have examined them and found them to be without merit. The instructions contained no fundamental error.

The judgment is within the charge, the sentence is in keeping with the jury's verdict and within the limits of the law. The proceedings appear to be regular, and the transcript contains no fundamental or prejudicial error. The judgment is accordingly affirmed.

JONES, P. J., concurs.