## LEWIS v. STATE.

No. A-11055. Oct. 26, 1949.

(211 P. 2d 295.)

138

George Campbell, Sand Springs, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, George Bennie Lewis, defendant below, was charged with the crime of driving an automobile in Tulsa county, Okla., on December 24, 1947, while under the influence of intoxicating liquor. To that charge he entered his plea of guilty in the court of common pleas on December 31, 1947, whereupon on said date the court sentenced him' to 10 days in jail and to pay a fine of $25 and costs in the sum of $15.

Thereafter, on January 6, 1948, a motion was filed by counsel to set aside the judgment and sentence and leave to withdraw the plea of guilty. Thereafter, on January 10, 1948, the defendant having served the 10-day sentence in jail, the court ordered him released and gave him 30 days within which to pay his fine. On January 28, 1948, the defendant's motion to set aside the judgment was overruled and notice of intention to appeal was given and 30 days extension of time in which to make and serve a case-made was entered. The judgment

having been entered on December 31, 1947, the time for making and serving a case-made and perfecting the appeal began to run from that date, Title 12 O. S. 1941 § 958:

"The case so made, or a copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney, * * * it shall be sufficient service of the case-made in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time; * * *."

In light of the foregoing statute it is apparent that the time allowed for making and serving a case-made expired on January 15, 1948, and that the extension of time made and entered on January 28, 1948, not having been obtained within the 15 days as fixed by law is a nullity and of no effect. On February 28, 1948, another order extending time for making and serving a case-made was entered. This, too, was a nullity for the same reason. Thereafter and on March 24, 1948, another order was entered by which it was sought to extend the time for making and serving a case-made. For the same reason hereinbefore given it, too, was a nullity. In Cherry v. State, 61 Okla. Cr. 376, 69 P. 2d 407, it was said:

"The defendant was sentenced by the court April 16, 1936, the 15 days allowed the defendant to make and serve a case-made expired May 2, 1936. In the absence of an order granted by the court prior to May 2, 1936, extending the time of the defendant to make and serve a case-made, the court was without jurisdiction to make and serve a case-made, and any order made after May 2, 1936, is a nullity."

See, also, Brown v. State, 89 Okla. Cr. 389, 208 P. 2d 1143, announcing the same rule.

In the order of March 24, 1948, it further appears that the court therein sought to give 30 days additional

time within which to perfect the appeal to this court. In that connection the record discloses that that was the only attempt so to do after the judgment and sentence was entered on December 31, 1947. The attempt to extend the time for perfecting the appeal in this manner was likewise a nullity under the provisions of the statute, Title 22 O. S. 1941, § 1054, as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

Likewise, it clearly appears that the time for perfecting the appeal in the case at bar began to run from December 31, 1947, as did the time for making and serving a case-made. It is therefore apparent that the time allowed by law for perfecting the appeal expired on March 1, 1948. During the 60-day period fixed by statute, the defendant might have obtained an order extending the time an additional 60 days had he so desired to do, but this record discloses no attempt was made to extend the time until March 24, 1948. The order attempting to extend the time for perfecting the appeal not having been made within the period of 60 days fixed by law for perfecting the same, came 23 days late and is therefore a nullity. Cruse v. State, 86 Okla. Cr. 83, 187 P. 2d 235, 236, wherein this court said:

"As this court has said upon numerous occasions, we are reluctant to dismiss appeals in criminal cases, and will not do so upon technicalities, but when the appeal has not been filed within the time prescribed by law, this court does not have jurisdiction to consider the appeal. * * *

"There is no provision of law which vests this court with discretion to hear and determine appeals on the merits when they are not taken within the time pre-

scribed by statute." Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120; Wilkerson v. State, 76 Okla. Cr. 152, 134 P. 2d 998, and many other cases.

For the above and foregoing reasons the attempted appeal is therefore dismissed, and the cause is remanded to the trial court, with directions to enforce its judgment and sentence.

JONES, P. J., and POWELL, J., concur.