Dudley H. PONDER, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12363.

Criminal Court of Appeals of Oklahoma.

Dec. 12, 1956.

Alvin C. Bruce, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

This is an appeal by Dudley H. Ponder from a conviction in the County Court of Carter County for unlawful possession of whiskey, a misdemeanor.

The Attorney General has filed a motion to dismiss the appeal in which it is alleged that the defendant was sentenced on February 7, 1956; that no notice of appeal was given until March 13, 1956; that time to make and serve casemade expired on February 22, 1956, and there was no order ex-

tending such time until an attempted order was made on March 13, 1956, which order was void. That the time to lodge the appeal in the Criminal Court of Appeals expired on April 7, 1956, and the appeal was not lodged until May 12, 1956.

The record discloses that the judgment and sentence was pronounced on February 7, 1956, as alleged in the motion filed by the Attorney General. The confusion evidently arose by reason of the fact that on February 10, 1956, counsel for the accused filed a motion for a new trial. This motion for a new trial was overruled on March 13, 1956, at which time the defendant gave notice in open court of his intention to appeal and was at that time granted an extension of time to make and serve casemade.

In criminal cases the appeal is taken from the judgment and sentence and not from the order overruling the motion for new trial. In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered provided, however, that the trial court may extend the time in which such appeal may be taken for not exceeding 60 days. 22 O.S.1951 § 1054; Lewis v. State, 90 Okl.Cr. 137, 211 P.2d 295; Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143.

An appeal may only be taken from a judgment of conviction in the manner prescribed by law. Gibson v. State, 87 Okl.Cr. 260, 197 P.2d 310. By statute it is provided that a person desiring to appeal shall give notice in open court either at the time the judgment is rendered or within 10 days thereafter of his intention to appeal to the Criminal Court of Appeals. 22 O.S.1951 § 1055. No notice of intention to appeal was given in the instant case until more than a month had elapsed from the date the judgment was rendered.

The plaintiff in error not having proceeded in the manner prescribed by law for perfecting an appeal to the Criminal Court of Appeals, this court did not acquire jurisdiction to hear the purported appeal.

Appeal dismissed.

BRETT and POWELL, JJ., concur.