B. P. CULLINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12577.

Criminal Court of Appeals of Oklahoma.

April 23, 1958.

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, B. P. Cullins, defendant below, was charged by information in the County Court of Greer County, Oklahoma, with the unlawful sale of one pint of whiskey on September 30, 1957 in said county and state. To this charge he entered a plea of guilty on October 2, 1957, and the same day was sentenced to pay a fine of $150 and serve thirty days in the County Jail. From said judgment and sentence, this appeal has been attempted.

The judgment and sentence as heretofore indicated was entered on October 2, 1957. No notice of intention to appeal from said judgment and sentence has ever been given. Thereafter, on October 17, 1957, the defendant filed a motion to withdraw his plea of guilty and enter a plea of not guilty. On November 18, 1957 a hearing was had on said motion and an order entered denying the same. Motion for new trial was immediately filed, hearing had thereon, and the same was overruled. From the order denying the motion for new trial, notice of intention to appeal to the Criminal Court of Appeals was given. The court granted the defendant thirty days from November 18, 1957, in which to make and serve case-made and an extension of sixty days in which to lodge the appeal in the Criminal Court of Appeals.

The Attorney General has filed a motion to dismiss for failure to perfect an appeal as provided by law. 22 O.S.1951 § 1059 provides that the preparation, settling, serving, and filing of case-made shall be perfected as provided in civil cases. 12 O.S. 1951 § 958 provides, in part:

"The case so made, or a copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto

in writing, and present the same to the party making the case, or his attorney. The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. * * * Provided, however, * * * it shall be a sufficient service of the case-made in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time; * * *."

In the instant case, no extension of time was obtained within which to prepare, settle, serve, and file the case-made. The motion to withdraw the plea filed on the 17th day of October, 1957, did not stay the running of the limitation provided in 12 O.S.1951 § 958, supra. The only way to avoid the limitations provided in said section of the statute was to procure an order extending the time therefor. The time for perfecting a case-made for appeal or the time for obtaining a valid order to extend the time so to do expired on October 17, 1957. Thereafter, any attempt to extend the time constituted a nullity. In Lewis v. State, 90 Okl.Cr. 137, 211 P.2d 295, 296, quoting from Cherry v. State, 61 Okl.Cr. 376, 69 P.2d 407, we said:

"The defendant was sentenced by the court April 16, 1936, the 15 days allowed the defendant to make and serve a case-made expired May 2, 1936. In the absence of an order granted by the court prior to May 2, 1936, extending the time of the defendant to make and serve a case-made, the court was without jurisdiction to make and serve a case-made, and any order made after May 2, 1936, is a nullity."

Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143.

It is thus apparent that the order of November 18, 1957, granting the defendant thirty days in which to prepare case-made was a nullity and did not revive the right that expired on October 17, 1957, to perfect an appeal by case-made. The foregoing authorities and other cases too numerous to mention hold we are without jurisdiction to consider a case-made which has not been prepared within the time allowed by law or a valid extension thereof. It has likewise been held that where the time for obtaining a case-made, as by law provided, has expired, the court has no power to further extend the time. The motion to dismiss is sustained.

Nevertheless, we have examined the record herein and find that the defendant was a man of considerable prior experience in court and undoubtedly knew what he was doing when he entered his plea of guilty. The matter thus presented was for the determination of the trial court within its sound discretion. The record does not disclose an abuse of discretion on the part of the trial court. Sanders v. State, 72 Okl. Cr. 85, 113 P.2d 198. It has been repeatedly held that unless a clear abuse of discretion appears, the court's action in refusing to permit a withdrawal of a plea of guilty will be sustained. Moreover, to hold otherwise on this record would permit the defendant to trifle with the trial court which it has been held will not be permitted. Roberts v. State, 72 Okl.Cr. 384, 115 P.2d 270.

We are, therefore, first, without jurisdiction to consider this case-made on appeal, and, second, considering the appeal as if by transcript, Tracy v. State, 24 Okl.Cr. 144, 216 P. 941, reveals no error in the trial court's exercise of discretion. The conviction is accordingly affirmed.

POWELL and NIX, JJ., concur.