Clarence YARBER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12578.

Criminal Court of Appeals of Oklahoma.

May 28, 1958.

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jack Sassen, County Atty. Greer Co., Mangum, Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The defendant in error, Clarence Yarber, hereinafter referred to as the defendant, was charged by information in Greer County with the crime of selling intoxicating liquor, plead guilty on the 3rd day of October, 1957, and was sentenced on the same day to serve 30 days in the county jail and to pay a fine of $150 and the cost assessed at $14.35. Thereafter, on the 17th day of October, 1957, defendant filed a motion to withdraw his guilty plea. A hearing was had upon defendant's motion on the 18th day of November, 1957, and on that date said motion was overruled by the trial court. Notice was given of appeal to the Criminal Court of Appeals. Defendant was given 30 days

to prepare and file casemade, 10 days to suggest amendments to be signed and settled on 5 days notice. A record of the proceedings reveal that judgment and sentence was entered on October 3, 1957. No notice of appeal was given from said judgment and sentence. The attorney general has filed his motion to dismiss for failure to perfect an appeal as is provided by law, 22 O.S.1951 § 1059, which provides that the preparation, settling, serving, and filing of casemade shall be perfected as provided in civil cases. 12 O.S.A.1951 § 958 provides in part:

"The case so made, or a copy thereof, shall, within 15 days after the judgment or order is rendered, be served upon the opposite party or his attorney, who may within 3 days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendment shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case * * * provided, however * * * it shall be a sufficient service of the case made in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time * * *"

In this case the record clearly shows that defendant was sentenced on October 3, 1957, and no order giving the defendant an extension of time beyond the statutory 15 days to make and serve a casemade was entered. The motion to withdraw defendant's plea filed on the 17th day of October 1957, did not stay the running of the limitations provided in 12 O.S.A.1951 § 958, supra. The only way to avoid the limitation provided in said section of the statute is to procure an order extending the time therefrom. Cherry v. State, 61 Okl.Cr. 376, 69 P.2d 407. Also, see Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143.

It is obvious from the record that the court order on November 18, 1957, granting the defendant 30 days in which to prepare casemade was a nullity and did not reserve the right which expired 15 days after judgment and sentence. Motion to dismiss is hereby sustained.

BRETT, P. J., and POWELL, J., concur.