**Glynn HICKS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12579.**

Criminal Court of Appeals of Oklahoma.

June 11, 1958.

Alvin C. Bruce, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, hereinafter referred to as the defendant was charged by information in the District Court of Carter County with the crime of Manslaughter, First Degree, was tried before a jury who found defendant guilty of Manslaughter, Second Degree, and assessed his punishment at two years in the Oklahoma State Penitentiary. Judgment and sentence was rendered on the 17th day of September, 1957. The defendant was granted 60 days from that date in which to prepare and serve a casemade in said cause. This time expired on November 16, 1957, and during said 60 days no casemade was served. On November 18, 1957, two days after said time had expired, the trial judge made an order granting an additional extension of 60 days, stating that the court was fully advised that the court reporter was unable to prepare a casemade because of other business. The casemade was tendered on January 24, 1958. To this appeal the Attorney General has filed his *Motion to Strike Case Made and Affirm.* It is the contention of the Attorney General that the 60 days granted by the trial court expired on November 16, 1957, and there was no extension of time granted before said 60 days expired nor was there an attempt made until November 18, 1957, at which time the court attempted to grant additional time by making an order granting the defendant a 60 day extension and that this order was ineffective and void. With this conclusion the court agrees. Under our statute, 22 O.S.1951 § 1059, the preparation, settling, serving, and filing of casemade shall be perfected as provided in civil cases. 12 O.S.1951 § 958 provides in part:

"The case so made, or a copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney,

who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendment shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case * * * provided, however * * * it shall be sufficient service of the case-made in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time * * *".

The only way to avoid the limitations prescribed in said statute is by an order extending said time by the trial court. In the instant case the time was extended 60 days and expired without additional extension. After said expiration, the trial court was without authority to render an order extending the time further and his order was a nullity and of no effect. See Cherry v. State, 61 Okl.Cr. 376, 69 P.2d 407; also, Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143.

In view of the fact that the extension of time expired on November 16, this court is without jurisdiction to consider said appeal and the same is hereby dismissed.

BRETT, P. J., and POWELL, J., concur.