Leonard GOFORTH, Allie Rowe and Otis Bledsoe, Plaintiffs in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12620.

Criminal Court of Appeals of Oklahoma.

Jan. 21, 1959.

L. W. Wiley, Muskogee, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The defendants below, Leonard Goforth, Allie Rowe and Otis Bledsoe, were jointly charged with burglary, second degree (conjoint) by information filed in the district court of McIntosh County. Each waived trial by jury, and they were tried before the court on November 4, 1957, convicted and thereafter on November 8, 1957, judgments were entered accordingly, with punishment of each fixed at two years confinement in the State Penitentiary at McAlester. The parties hereinafter will be referred to as in the trial court.

Petition in error with casemade attached was filed in this court on May 3, 1958. The main proposition for reversal is that certain statements given by defendants and received in evidence were made by reason of promises by certain officers.

On December 17, 1958, the case was submitted on motion to strike and affirm the judgments, filed by the Attorney General.

We have carefully examined the record in this case, and it fails to show that when the judgments and sentences were entered on November 8, 1957, that notices of intention to appeal were dictated into the record, or that anything was done with reference to appeals until some sixty days later, to-wit: On January 8, 1958, when an application for extension of time to make and serve casemade was filed and an order was entered on the same day extending time to perfect appeal until March 8, 1958, and on March 8, 1958, an order was entered granting each of said defendants an extension of time "to perfect their appeal", until April 4, 1958, and on March 21, 1958, an order was entered granting each defendant until May 5, 1958, "within which to perfect their appeal". No other orders with respect to appeal are disclosed in the record.

Of course if the time in which to perfect appeal by casemade had already expired when the extension of time was granted on January 8, 1958, all subsequent orders would be ineffective.

Title 12 O.S.A. § 958, provides:

"The case so made, or a copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney. * * * It shall be a sufficient service of the casemade in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time. * * *".

The question presented has been before this court as well as the Supreme Court of Oklahoma many times under facts similar to what is presented by the record here and it has been held that the trial court has no power to extend the time for making and serving the casemade after the time allowed by statute or granted

by a previous extension of time by the court has expired. In other words, in this case on January 8, 1958, the time for perfecting appeal by casemade had already expired.

In Lewis v. State, 90 Okl.Cr. 137, 211 P.2d 295, this court said:

"Where the defendant was sentenced by the court on December 31, 1947, the 15 days allowed by statute, Title 12 O.S.1941 § 958, to make and serve a case-made expired on January 15, 1948. In the absence of an order granted by the court prior to January 15, 1948, extending time for the defendant to make and serve a case-made, the court was without jurisdiction to make and serve a case-made, and any order made after January 15, 1948 seeking so to do is a nullity."

Herein, as we have seen, the 15 days provided by statute in which to make and serve casemade expired November 23, 1957, so that the order of the court dated January 8, 1958, was entered after the fifteen days allowed by statute had expired, and was and is a nullity. By statute, the extension of time should have been obtained prior to the expiration of the 15 days automatically provided by statute.

It has been noted in this case that the petition in error and casemade were filed in this court on May 3, 1948, which was within six months after the judgment, conviction and sentences were rendered by the trial court on November 8, 1957. So we do have authority and jurisdiction to hear the appeal on the transcript of the record certified by the court clerk. See Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143. This affords small comfort to the appellants, however, because the evidence is not brought before the court by transcript, and a transcript presents for consideration only fundamental errors.

We are privileged to examine only (1) indictment or information and copy of the minutes of the plea or demurrer; (2) copy of the minutes of the trial; (3) charges given and refused; (4) a copy of the judgment. Smith v. State, 54 Okl.Cr. 348, 21 P.2d 51.

No errors appearing in the record to warrant a reversal, the judgment of the trial court is affirmed.

NIX and BRETT, JJ., concur.