Robert Lee SMITH, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12773.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1959.

Robert Lee Smith, plaintiff in error, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Plaintiff in error, Robert Lee Smith, hereinafter referred to as defendant, is confined in the State Penitentiary at McAlester by reason of conviction in the district court of Oklahoma County on a charge of burglary in the second degree, after former conviction of a felony. He was tried before a jury, found guilty and the jury being unable to agree upon the punishment, left that to the Court, who assessed the penalty at 15 years confinement in the institution stated.

The record discloses that defendant was represented in the lower court by counsel H. M. Redwine, but motion for new trial was filed by the public defender, Homer Thompson. The appeal is by transcript, and of course by reason thereof, we do not have the testimony of the many witnesses endorsed on the information, and a good portion of whom presumably testified.

Defendant has prepared a petition in error and a brief in support thereof, and filed in this Court, together with a transcript of the case, which includes the information, motion to quash, the instructions given the jury, the verdict, judgment and sentence, minutes of the Court, motion for new trial, etc.

We have particularly examined the information and record to discover any reversible error, because this appeal is pro se, and the prisoner might overlook something.

Note the charging part of the information:

"That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully, burglariously and feloniously break and enter into a one-story brick building, known as the Ford Distributing Company, located at 700 SW 2nd St., in Oklahoma City, in the said county and state, which said building was then and there under the control of and in the possession of Clarence Ford and in which said building there was then and there kept certain personal property, to-wit: money, etc., by forcible entry through the rear overhead door by removing the bolts from the door and breaking some boards from the door and entering therein with the wilful, unlawful and felonious in-

tent then and there on the part of the said defendant to take, steal and carry away by stealth and fraud and without the knowledge or consent of the owner thereof, some or all of the property therein contained at said time and place, with the unlawful, wilful and felonious intent then and there on the part of the said defendant to appropriate the said property to his own use and benefit and to deprive the said rightful owner permanently thereof, *but the said defendant was frightened away from the building by the Sales Manager, Ralph Logan;* and the said conviction of burglary in the second degree after former conviction of a felony being a crime punishable by imprisonment in the State Penitentiary and having been committed by the said defendant as above set out after having been convicted of the crime of Burglary in the second degree on the 29th day of March, 1956, in Kiowa County, State of Oklahoma, before the District Court sitting in and for said county and state, being district court case No. 2220, and said former conviction of burglary in the second degree being a crime punishable by imprisonment in the State Penitentiary; contrary to the form of the statutes in such cases made and provided, * * *." [Emphasis now supplied.]

While the statement "but the said defendant was frightened away from said building by the Sales Manager, Ralph Logan" would suggest that there was only an attempted burglary, the other proper allegations refute such idea, because there is the allegation of breaking and entering, which would be sufficient to constitute the crime, even though immediately the burglar was frightened away and failed to take any property.

21 O.S.1951 § 1435 reads:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

This Court, interpreting the statute, has said that the opening of a closed door in order to enter a building may constitute "breaking", and that the breaking necessary to constitute the crime of burglary may be by any act of physical force, however slight, by which obstruction to entering is forcibly removed. See Yeager v. State, 82 Okl.Cr. 326, 169 P.2d 579; Dunn v. State, 94 Okl.Cr. 71, 229 P.2d 905; Sheehan v. State, 83 Okl.Cr. 41, 172 P.2d 809. Actual stealing, after breaking and entering, is not necessary to complete the crime. Place v. State, Okl.Cr., 300 P.2d 666.

The grounds for new trial set up in defendant's petition in error involve a consideration of the evidence, which is not before us.

This Court has many times said that where an appeal is perfected by transcript to the Court of Criminal Appeals, such transcript does not present for review anything other than fundamental error. Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143; Cherry v. State, 61 Okl.Cr. 376, 69 P.2d 407; Gooding v. State, Okl.Cr., 343 P.2d 193.

We note that the instructions given by the Court were full and complete, and not excepted to. As pointed out by the Attorney General, the verdict of the jury is in proper and legal form and is sufficient, as a matter of law, on which to base the judgment and sentence. The judgment and sentence appears on its face to be regular and the punishment imposed by the court was within the limit prescribed by law. In fact, the sentence was near the minimum. See 21 O.S.1951 § 51(1).

By reason of the above, the judgment and sentence must be and is affirmed.

NIX and BRETT, JJ., concur.