**C. L. SMITH, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12788.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1959.

Milor & Thomas, Marietta, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

C. L. Smith, hereinafter referred to as the defendant, was charged by information in the County Court of Love County with the crime of unlawful possession of intoxicating liquor. Defendant was found guilty and sentenced to pay a fine of $50 and to serve 45 days in the county jail.

Defendant filed his appeal in this court by way of transcript only and attached to defendant's petition in error are the following instruments which compose the record: Information, affidavit for search warrant, search warrant, motion to suppress, instruction of the court, verdict of the jury, motion for new trial, order overruling motion for new trial, judgment and sentence of the court, order extending time in which to make and file casemade and extend time in which to appeal.

Defendant complains of one assignment of error: that the trial judge erred in overruling his motion to suppress the evidence.

Tit. 22 O.S.A. § 1060 provides:

> "Instead of a case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial."

Tit. 22 O.S.A. § 977 clearly defines what constitutes the record. The record proper under said statute includes: (1) Indictment and copy of minutes of the plea or demurrer; (2) Copy of the minutes of the trial; (3) Charges given and refused; (4) Copy of the judgment.

It is to be noted that defendant has included in his transcript of the proceedings his motion to suppress which is no part of the record proper and cannot be considered by this court on appeal in absence of a casemade relating the testimony given in support of said motion. See Smith v. State, 54 Okl.Cr. 348, 21 P.2d 51. Also, Smiser v. State, 19 Okl.Cr. 86, 87, 198 P. 110, 111.

This court said in the case of Ward v. State, 56 Okl.Cr. 316, 38 P.2d 582:

"Questions regarding trial courts ruling on admissibility of evidence and in failing to fully instruct on applicable law cannot be presented for review by transcript of record alone but only by incorporating transcript into bill of exceptions or case-made."

If there was evidence before the court substantiating defendant's contention, there would be much merit to his advancement of error. However, a transcript of the record does not present for review the proceedings and orders on a motion to suppress the evidence. Motions of this kind can only be presented to this court by petition in error and casemade. Therefore, the judgment and sentence of the trial court is affirmed.

POWELL, P. J., and BRETT, J., concur.