Paula Helen KINNISON, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13044.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1961.

Rehearing Denied Jan. 31, 1962.

Joe A. Moore, Sapulpa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., Harry D. Pitchford, County Atty., Okmulgee County, for defendant in error.

BUSSEY, Judge.

Plaintiff in error, Paula Helen Kinnison, hereinafter referred to as defendant, was charged in the District Court of Okmulgee County, Oklahoma, with the offense of manslaughter in the first degree. The amended information under which she was tried provided:

"That Paula Helen Kinnison, also known as Paula Scott Russell did in Okmulgee County and in the State of Oklahoma, on or about the 31st day of August in the year of our Lord One Thousand Nine Hundred and fifty-eight and anterior to the presentment hereof, commit the crime of First Degree Manslaughter in the manner and form as follows, to-wit: that the said

defendant, Paula Helen Kinnison, * * * did, on the 31st day of August, 1958, then and there unlawfully, willfully, intentionally and feloniously, and without authority of law, make an assault without justifiable or excusable cause and in the heat of passion, but in a cruel and unusual manner, upon one Daisy Mae Duval by striking the said Daisy Mae Duval, acting conjointly and in concert with one Jack Coleman Russell, about the head, face and body of the said Daisy Mae Duval with their hands, fists and feet then and there inflicting certain mortal wounds about the face, head and body of the said Daisy Mae Duval, of which mortal wounds the said Daisy Mae Duval did languish and die on the 31st day of August, 1958, contrary to the form of the statutes".

On the 17th day of October, 1960, the jury found the defendant guilty as charged and fixed her punishment at 15 years in the state penitentiary at McAlester, Oklahoma. The court entered judgment and sentence in accordance with the jury verdict on October 21, 1960, and overruled defendant's motion for new trial. Defendant gave notice of intention to appeal to the Court of Criminal Appeals and was given 45 days in which to make and serve casemade.

Thereafter, on the 31st day of March, 1961, the court entered an order extending time in which to make and serve casemade. The appeal was lodged in this court within the time prescribed by law, and on October 4, 1961, this matter was submitted on the record and the motion of the Attorney General to strike casemade, no briefs having been filed by either party.

It is contended by the Attorney General that this cause cannot be considered as an appeal by casemade, but may be considered as an appeal by transcript, and that the order made on March 31, 1961, extending the time to prepare and serve casemade is null and void, for the reason there was no evidence or proper showing made sufficient to justify the order of extension under the provisions of 12 O.S. 962, nor under any other provisions of law. The order entered the 31st day of March reads as follows:

"Now on this the 31st day of March, 1961, comes on for hearing the application of defendant for an order extending time to make and serve casemade; the defendant appearing by her attorney, Mr. Joe Moore, and the State of Oklahoma appearing by Harry D. Pitchford, County Attorney, and the Court being fully advised in the premises, finds:

"That heretofore and on the 24th day of October, 1960, said defendant was given forty-five days to prepare and serve case-made, and that since said time, no other extensions have been made *for* requested until the 23rd day of March, 1961, at which time defendant filed her application for an order extending the time.

"That to said application a response was filed in which the State of Oklahoma moved to strike and dismiss said application for the reason that the time had long since run, and no legal reasons were set out to grant a further extension.

"That at said hearing no evidence was adduced by the defendant to show any legal reasons why said extension should be granted; but statements of counsel in open court, relating casemade had been ordered from the court reporter and that he misunderstood as to amount of deposit required and thought that she was to write him about it and that he did not discover time had not been extended to make, serve and suggest amendments, that defendant was in the penitentiary and unable to check or call same to attention of counsel or court.

"For good cause shown court finds said time for filing case in Court of Criminal Appeals be extended to six (6) months. Wherefore, Court having listened to statement of counsel for defendant and State of Oklahoma,

finds that time to make, serve and suggest amendments should be granted.

"It is therefore the order of the Court that said defendant be granted until the 17th day of April, 1961, to prepare and serve case-made, ten (10) days to suggest amendments, and five (5) days to be signed and settled; to all of which the State of Oklahoma excepts.

> " (s) Jess I. Miracle
> Judge of the District
> Court"

Title 12 section 962 provides:

"(a) The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

■ Under the provisions of title 12 section 962, supra, the trial court may, after expiration of the time originally allowed to make and serve casemade, *for good cause shown,* grant additional time to make and serve casemade. But this extension is subject to the following conditions precedent: (1) There must be notice to the adverse party, and (2) there must be evidence introduced at the hearing sufficient to establish good cause for granting an extension.

■ It is manifestly apparent from the order of the court that there was no sworn testimony upon which the court could exercise its discretion, and assuming that the statement of counsel could be treated as evidence it does not sufficiently establish *good cause* for extending time within which to make and serve casemade.

■ Here no effort was made to secure an extension of time until 3 months and 18 days after the expiration of the original time granted. It is the duty of counsel to determine whether the record can be completed within the time originally allowed, and if it cannot be completed, counsel should secure an extension at the earliest reasonable opportunity.

■ We must therefore sustain the Attorney General's motion to strike the casemade, and consider this cause as an appeal by transcript. Where an appeal is by transcript this court will examine the record for fundamental errors only, and not errors which require examination of the evidence taken at the trial. Smith v. State, Okl.Cr., 347 P.2d 232; Cherry v. State, 61 Okl.Cr. 376, 69 P.2d 407; Brown v. State, 89 Okl. Cr. 389, 208 P.2d 1143.

Upon examination of the record we observed that in defendant's motion for new trial specific objection was made to the court's failure to instruct the jury on manslaughter in the 2nd degree. It is apparent from the court's instructions 4 and 11 that the court determined that the evidence adduced by the state, if believed, would only support a conviction of manslaughter in the 1st degree as charged, or if the jury believed the evidence most favorable to the defendant (that she was not a participant, but a bystander) then the jury should acquit her.

■ ■ Having determined that the Attorney General's motion to strike casemade should be sustained, we are without authority to review the evidence and determine whether the court erred in failing to instruct the jury on Manslaughter in the 2nd degree. When the appeal is by transcript the Court of Criminal Appeals will assume that the evidence supports the instructions given by the court. The Court of Criminal Appeals will not reverse a conviction unless it clearly appears from an examination of the instructions as a whole that they

·deny a substantial or constitutional right of the accused.

Finding no fundamental or prejudicial ·errors in the transcript that will warrant reversal of this case the same is hereby affirmed.

NIX, P. J., and BRETT, J., concur.