Willie Delois HOLBERT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13523.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1964.

Rehearing Denied Jan. 6, 1965.

Harland A. Carter, Okmulgee, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Willie Delois Holbert was convicted in the Superior Court of Okmulgee County, Oklahoma for the offense of Manslaughter in the First Degree. On the 6th day of February, 1964, Judgment and Sentence was pronounced in accordance with the verdict of the jury, and on the 21st day of May, 1964 a petition in error with casemade attached was filed in this Court. Thereafter on the 16th day of September, 1964, the Attorney General filed a Motion to Dismiss this appeal for the reason that same was not filed within the time allowed by law. To the Motion to Dismiss, a response was duly filed, wherein the Court's attention is directed to the Supplemental Certificate of Trial Judge, appearing at page 135 of the casemade, the same being:

"I, Don Barnes, Judge of the Superior Court of Okmulgee County, Oklahoma, and trial judge herein, certify that the last date for the defendant to file his petition in Error in the Court of Criminal Appeals of the State of Oklahoma is May 27th, 1964.

s/ Don Barnes

Judge of the Superior Court"

This certificate was not dated but was filed in the Superior Court of Okmulgee County on May 7, 1964, and it is the position of petitioner in error that the certificate of the trial judge, as above set forth effectively extended the time within which the appeal could be lodged in this Court.

The pertinent provisions of Title 22 O.S. § 1054, relating to appeals in Felony cases provide that:

"* * * In felony cases the appeal must be taken within three (3) months after the judgment is rendered; Provided, however, in felony cases the

trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding six (6) months from the date of judgment. * * *".

Judgment and Sentence in the instant case was pronounced on February 6, 1964 and no order was entered by the court extending time within which to file an appeal in this Court, unless the certificate of the trial court appearing at page 135 of the casemade can be treated as an order extending time.

 Assuming (a highly questionable assumption) that the certificate could be treated as an order extending time within which to file an appeal in this Court, the certificate is not dated but was filed in the Superior Court of Okmulgee County, three months and one day after the rendition of the original Judgment and Sentence or one day beyond the statutory time within which an appeal could have been lodged in this Court, and while it is possible for the trial court to enter an order extending the original three months for a time not to exceed six months from the rendition of Judgment and Sentence after the expiration of the original three months, this must be done in the manner prescribed under the provisions of Title 12 O.S. § 962, which provides:

"(a) The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; *and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order,* or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or pro-

ceeding in error may be begun in the appellate court. * * *" (Emphasis ours.)

The Motion of the Attorney General must be sustained, because it does not affirmatively appear that notice was given the adverse party, or hearing held nor evidence adduced at said hearing as required by law; see Kinnison v. State, Okl. Cr., 366 P.2d 969.

The Motion of the Attorney General to Dismiss is sustained and this attempted appeal is Dismissed.

JOHNSON, P. J., and NIX, J., concur.