Robert Frederick DECK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13559.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1965.

John D. Harris, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Robert Frederick Deck, hereinafter referred to as defendant, was charged by information with the offense of Larceny of a Motor Vehicle. He was tried by a jury who found him guilty. Judgment and sentence was pronounced in accordance with the verdict of the jury and thereafter the defendant gave notice of his intention to appeal to the Court of Criminal Appeals.

On April 29, 1964, defendant obtained an extension of thirty days from said date (or until May 29, 1964) in which to perfect appeal. On May 29, 1964 defendant timely obtained another extension of thirty days from said date (or until June 28, 1964) in which to perfect appeal. On June 30, 1964 an order was entered purporting to extend the time in which to perfect appeal an additional thirty days from that date.

The record further reflects that no extension of time within which to make and serve casemade after the extension of thirty days had been granted for the same and that said casemade was not served on the county attorney until July 30, 1964 long after the time originally granted had expired. Petition in error with casemade attached was filed with the Clerk of the Court on July 30, 1964.

The State of Oklahoma by and through its Attorney General has filed a motion to dismiss this appeal for the reason that the appeal was not timely filed and for the further reason that casemade was not served within the time authorized by the trial court.

Oral argument was held on January 20, 1965 and this cause was submitted on the motion to dismiss and argument of counsel.

We are of the opinion that the motion to dismiss should be, and the same is hereby sustained for both of the reasons set forth in the state's motion to dismiss. We observe that after the time had expired within which to make, serve and settle the casemade, and prior to filing of this attempted appeal in the Court of Criminal Appeals, the defendant could have secured extensions of time under the provisions of Title 12 O.S. § 962, the same providing:

"(a) The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court. * * *"

In the recent case of Holbert v. State, Okl.Cr., 397 P.2d 918, citing with approval Kinnison v. State, Okl.Cr., 366 P.2d 969, we stated:

"Under the provisions of Title 12 O. S. § 962, the trial court may, after expiration of the time originally allowed to file the proceedings in error in this Court, for good cause shown, grant additional time, but this extension is subject to the following conditions precedent; (1) there must be notice to adverse party, and (2) there must be evidence introduced at the hearing sufficient to establish good cause for granting an extension."

"The Motion of the Attorney General must be sustained, because it does not affirmatively appear that notice was given the adverse party, or hearing held nor evidence adduced at said hearing as required by law."

Motion to dismiss sustained and appeal dismissed.

NIX and BRETT, JJ., concur.