Otis Paul SLOAN, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A--12986.

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1961.

Wendell G. Stockton, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in error, Otis Paul Sloan, hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County with the crime of manslaughter first degree. He was tried before a jury who found the defendant guilty, but left the punishment up to the trial judge. Defendant was sentenced by the Court to serve twenty (20) years in the Oklahoma State Penitentiary. Defendant lodged his appeal in this court, and the attorney general filed a motion to strike casemade, and affirm conviction.

Judgment and sentence was passed upon the defendant and filed of record on June 10, 1960. The Court gave defendant 30 days in which to prepare and serve a casemade. The time for serving the casemade expired on the 10th day of July, 1960. The record reveals that on the 18th day of July, 1960 there was filed an order extending the time in which to serve a casemade until August 31, 1960. The law of this state provides in 12 O.S.A. § 958:

"The case so made, or a copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney * * * it shall be a sufficient service of the case-made in such case, when it, together with a copy thereof, is filed in the office of the clerk of the trial court within the time allowed by law, or order of court extending the time * * *."

The statute further prescribes in 12 O.S.A. § 962:

"(a) The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

In the instant case 12 O.S.A. § 962 would not apply as no notice was served upon the adverse party and the time allowed by the trial judge in a previous order had expired. The trial court was without authority to make an additional order extending the time unless the adverse party had notice and a hearing had thereon.

In the case of Cherry v. State, 61 Okl.Cr. 376, 69 P.2d 407, the court said:

"Two methods of appeal are provided for: (1) By filing a petition in error with certified case-made attached thereto; (2) by filing petition in error with duly certified transcript of the record attached thereto. If the first method is pursued, and for any reason the case-made is fatally defective, the appeal will be considered upon the transcript provided it is properly certified by the clerk." Also see Mathis v. State, 18 Okl.Cr. 199, 194 P. 278.

In this case the record filed by the defendant is properly certified by the clerk, and this Court considers the record as a transcript and ascertains if there are any fundamental errors sufficient to warrant a reversal of the case.

A review of the record shows that the information is clear and concise, and sufficient to charge the defendant with manslaughter in the first degree and is sufficient to advise defendant of the charge against him. No demurrer or objection to the information was made.

The proceedings leading up to the judgment appear to be regular. No fundamental error is contained in the instructions given. The judgment conforms to the charge and the sentence imposed is within the limit allowed by statute.

We find no fundamental or prejudicial errors in the transcript that will warrant this court in reversing the case.

The judgment is affirmed.

BRETT and BUSSEY, JJ., concur.