Earl DOWDY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 13768.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1965.

Thomas A. Wallace, Sapulpa, for plaintiff in error.

Charles R. Nesbitt, Atty. Gen. State of Oklahoma, for defendant in error.

BUSSEY, Presiding Judge.

On the 14th day of August, 1965, Earl Dowdy, hereinafter referred to as defendant, filed a Petition in Error with casemade attached, in this Court, seeking to appeal from a judgment and sentence rendered against him in the County Court of Creek County, Oklahoma, on April 14, 1965. Thereafter, the State of Oklahoma filed a Motion to Dismiss this cause on the ground that the casemade was not made, settled and served nor was an appeal perfected to this Court, within the time provided by law, or any valid extension thereof, and for the further reason that the judgment and sentence contained in said casemade does not meet the requirements of a judgment and sentence as set forth in Greenwood v. State, Okl.Cr., 375 P.2d 661.

This matter was set for oral argument on October 27, 1965, at which time neither the defendant nor his attorney appeared, nor was a response filed to the State's Motion to Dismiss, and the cause was submitted on the Motion to Dismiss, and the record.

From the record it appears that judgment and sentence was entered on April 14, 1965, and that thereafter, on June 25, 1965, the following order was entered:

"Now on this 25th day of June, 1965, an application of the defendant for an order extending time to make and serve case-made, it appearing to the Court that the time heretofore granted is insufficient, for good cause shown, it is ordered that the defendant be granted an extension of 60 days additional time from the expiration of the time heretofore granted to make and serve case-made, the plaintiff to have ten days to suggest amendments, same to be settled on 5 days notice; and the time in which to lodge appeal in the Supreme Court of Oklahoma is likewise enlarged 60 days additional time from the expiration of the time allowed by statute and order of this Court.

/s/ WESLEY WHITTLESEY

Wesley Whittlesey, County Judge"

Title 22 O.S. § 1054, regulates the time within which an appeal may be taken.

"In misdemeanor cases the appeal must be taken within sixty (60) days after the judgment is rendered; Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty (60) days. * * *"

Title 12 O.S. § 962 provides:

"(a) The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; *and in the*

*exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order,* or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court." (Emphasis ours.)

 In the instant case it is readily apparent that both the time within which to make, serve and settle the casemade and the time within which to lodge an appeal in this Court, had expired, when on June 25, 1965, the trial court entered the order purporting to extend the time in which to make, serve and settle the casemade and the time within which to lodge an appeal in this Court. While Title 12 O.S. § 962 provides a method of extending both the time in which to make, serve and settle the casemade and the time within which an appeal may be perfected after the original time has expired, it further provides for notice to the adverse party and a hearing. In the instant case it does not appear that notice was served on the adverse party nor that a hearing was had thereon and the order entered by the trial court purporting to extend said time is therefore a nullity. See Kinnison v. State, Okl.Cr., 366 P.2d 969 and Sloan v. State, Okl.Cr., 366 P.2d 967.

In accordance with Kinnison and Sloan, supra, we are of the opinion, and therefore hold, that the appeal must be dismissed for the reason that the casemade was not made, settled and served within the time provided by law, nor was the appeal perfected to this Court within the time provided by law, or any valid extension thereof. It is, therefore, unnecessary to consider in detail whether the judgment and sentence contained in the casemade was sufficient in form and substance to confer jurisdiction on this Court, except to observe that said judgment and sentence did not contain the requisites required by law.

For recommended forms of judgments and sentences see Greenwood v. State, Okl.Cr., 375 P.2d 661.

 In a letter addressed to this Court, the Honorable Wesley Whittlesey, Trial Judge, urges this Court to consider this cause on the merits and while this Court is loath to dismiss the case on technical grounds, it cannot assume jurisdiction where jurisdiction does not exist. Suffice it to say that if this case were properly before us, the Court would affirm the conviction for the evidence, although conflicting, is ample to support the verdict of the jury. The defendant was represented by capable counsel and the record is free from fundamental error.

The Motion of the State to Dismiss is sustained, and the Clerk of this Court is directed to forthwith issue the mandate.

Appeal dismissed.

NIX and BRETT, JJ., concur.